U.S DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 1 6 2015

TONY R. MOORE, CLERK
BY _____ YT _____
　　　　DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

CAMERON EVANS　　　　　　　　　　　　DOCKET NO.:1:14-cv-2255

VERSUS

　　　　　　　　　　　　　　　　　　　　JUDGE DEE D. DRELL
VIDALIA DOCK & STORAGE COMPANY　　　MAGISTRATE JUDGE JAMES D. KIRK

REPORT AND RECOMMENDATION

　　　Before the court is a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) by third party defendant, Bruce Oakley, Inc. ("Oakley") (Doc. 22). The motion was referred to me by the district judge and is ripe for report and recommendation.

Procedural Background

　　　In response to the filing of the instant motion to dismiss, Vidalia Dock & Storage Company ("Vidalia Dock") filed a memorandum in opposition and a motion for leave to file an amended Rule 14(c) tender to plaintiff (Doc. 30). The district judge granted the motion to amend thereby allowing Vidalia Dock to clarify its claim for unseaworthiness and add a claim for negligence (Doc. 31 and 32). Oakley filed a response acknowledging the fact Vidalia Dock filed an amended third-party complaint but it did not address the merits of the newly asserted negligence claim, only the original claim for unseaworthiness. Accordingly, the only issue before us at this time

is whether the claim for unseaworthiness should be dismissed for failure to state a claim.

## Law and Analysis

In its original Rule 14(c) tender, Vidalia Dock alleges Oakley is liable to both plaintiff, Cameron Evans, and Vidalia Dock to the extent the barge was unseaworthy (Doc. 16). In its amended Rule 14(c) tender, Vidalia Dock clarifies its claim for unseaworthiness. It no longer asserts that a duty was owed to the plaintiff. Rather, it asserts that Oakley (and/or the Natchez-Adams County Port Commission) breached its duty to deliver a seaworthy barge to Vidalia Dock.

In support for its position, Vidalia Dock cites Thomas J. Schoenbaum, 2 Admiralty and Maritime, §12-5 (5th ed.2011) which states "[t]he principle duty of the tow is to provide a seaworthy vessel with equipment and structural characteristics that are reasonably necessary to undertake the voyage." However, reliance on the duty to provide a seaworthy vessel for towing is misplaced as the facts set forth by Vidalia Dock in its amended Rule 14(c) tender indicate the operation was one of salvage, not of tow.

According to Vidalia Dock, it was contacted by the Natchez-Adams County Port Commission to locate and recover a missing barge. The missing barge belonged to Oakley. Vidalia Dock's employees found the barge and thought it could be towed; however, when the tow commenced, the barge began to take on water. Vidalia Dock's employees boarded the barge and attempted to pump water from it but when those efforts were determined to be in vain, the employees were ordered to return to the tug. Shortly thereafter, the barge sank, causing the tug to be

2

tossed and plaintiff to sustain injuries. Thus, there is nothing to indicate that Oakley owed a duty of seaworthiness under the facts of this case. As a duty is not owed to either plaintiff or Vidalia Dock, Oakley is not liable. See In re Signal Intern., LLC, 579 F.3d 478 (5th Cir.2009) (citations omitted). Accordingly,

**IT IS HEREBY RECOMMENEDED** that Oakley's motion to dismiss be **GRANTED** (Doc. 22) and the claim for unseaworthiness be **DISMISSED** with prejudice. The granting of the motion does not dismiss all claims against Oakley as the negligence claim asserted in the supplemental and amended complaint is pending.

### Objections

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before making a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON**

APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED at Alexandria, Louisiana on this 16th day of September, 2015.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

4