U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 1 6 2015

TONY R. MOORE, CLERK
BY ___YJ___
             DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CAMERON EVANS | DOCKET NO.:1:14-cv-2255 |
| VERSUS | |
| VIDALIA DOCK & STORAGE COMPANY | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Before the court is a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) by third party defendant, Natchez-Adams County Port Commission ("Port Commission") (Doc. 27). The motion was referred to me by the district judge and is ripe for report and recommendation.

### Factual Background

Plaintiff, Cameron Evans, filed suit against his employer, Vidalia Dock and Storage Company. Evans generally set forth that this court had jurisdiction over the matter pursuant to 28 U.S.C. §1333(1) and 46 U.S.C. 688. Thereafter, he set forth his first claim for negligence, his second claim for unseaworthiness and his third claim for maintenance and cure. In the section regarding his claim for unseaworthiness, Evans stated:

> And now, Plaintiff, Cameron Evans alleges a second cause of action based on the general maritime law and reiterates all of the allegations contained in the foregoing paragraphs.
> VIII.

> Under the general maritime law, it was the duty of the Defendant employer, Vidalia Dock and Storage Company, to furnish its employees with a safe place to work, with safe gear and appurtenances, equipment, and with an adequate crew and a seaworthy vessel.

(Doc. 1, p.3).

## Law and Analysis

Federal Rule of Civil Procedure 14(c) allows for a claim to be tendered to a third-party defendant where the third-party plaintiff seeks indemnity and contribution or where the third-party defendant's liability is directly to the plaintiff. The Port Commission contends third-party plaintiff, Vidalia Dock, cannot tender Evans' claim to the Port Commission pursuant to Rule 14(c) because Evans did not invoke admiralty jurisdiction.

> Rule 14(c) provides:
>
> When a plaintiff asserts an admiralty or maritime claim within the meaning of Rule 9(h), the defendant or claimant, as a third-party plaintiff, may bring in a third-party defendant who may be wholly or partially liable, either to the plaintiff or to the third-party plaintiff, by way of remedy over, contribution or otherwise on account of the same transaction, occurrence, or series of transactions or occurrences. In such a case the third-party plaintiff may also demand judgment against the third-party defendant in favor of the plaintiff, in which event the third-party defendant shall make any defenses to the claim of the plaintiff as well as to that of the third-party plaintiff in the manner provided in Rule 12 and the action shall proceed as if the plaintiff had commenced it against the third-party defendant as well as the third-party plaintiff.

Federal Rule of Civil procedure 9(h) provides:

> A pleading or count setting forth a claim for relief within the admiralty and maritime jurisdiction that is also within the jurisdiction of the district court on some other ground may contain a statement identifying the claim as an admiralty or maritime claim for the purposes of Rules 14(c), 38(e), 82 and the Supplemental Rules for Certain Admiralty and Maritime Claims. If the claim is cognizable

only in admiralty, it is an admiralty or maritime claim for those purposes whether so identified or not. The amendment of a pleading to add or withdraw and identifying statement is governed by the principles of Rule 15. The reference in Title 28 U.S.C. §1292(a)(3), to admiralty cases shall be construed to mean admiralty and maritime claims within the meaning of subdivision (h).

A reading of this complaint does not show the claims are cognizable only in admiralty. Rather, Evans asserts the case proceeds under both Jones Act and general maritime law. As such, the complaint must also contain an "identifying statement", as contemplated by Rule 9(h), for Vidalia Dock to be able to invoke the benefits of Rule 14(c). See Harrison v. Glendel Drilling Co., 679 F.Supp. 1413, 1418 (W.D.La. 1988); (Doc. 1, p.3). Vidalia Dock contends that Evans did just that by stating his second cause of action for unseaworthiness was asserted under general maritime law. I agree.

The complaint filed by Evans specifically states "[a]nd now, Plaintiff, Cameron Evans, alleges a second cause of action based on the general maritime law and reiterates all of the allegations contained in the foregoing paragraphs." Evans then states that "[u]nder the general maritime law, it was the duty of the Defendant employer, Vidalia Dock and Storage Company, to furnish its employees with a safe place to work, with safe gear and appurtenances, equipment, and with an adequate crew and a seaworthy vessel." Thus, Evans specifically asserts his second cause of action, unseaworthiness, is brought pursuant to general maritime law. The fact that he declared a jury trial is of no consequence. See Fitzgerald, 374 U.S. 16 (1963), (Complaint joined an admiralty maintenance and cure claim with a Jones Act claim. Though no right to

jury existed for the admiralty claim, the Supreme Court found that both claims arose out of one set of facts so the plaintiff was entitled to a jury trial on both claims.)

In light of the finding that jurisdiction exists under Rule 14(a), there is no need to address the Port Commission's alternative argument that Vidalia Dock cannot assert the claims pursuant to Fed.R.Civ.P. 14(a). Accordingly,

**IT IS HEREBY RECOMMENDED** that the motion to dismiss (Doc. 27) be **DENIED**.

### Objections

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before making a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana on this 16th day of September, 2015.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

5